J. S11045/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
GREGORY NETSON, : No. 1572 EDA 2017
:
Appellant :

Appeal from the Judgment of Sentence, April 10, 2017,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0003944-2016

BEFORE:  SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JUNE 05, 2019**

Gregory Netson appeals from the April 10, 2017 judgment of sentence entered by the Court of Common Pleas of Delaware County following his conviction of simple assault and terroristic threats.[1]  After careful review, we affirm.

The record reflects the following factual and procedural history:  The victim, K.W., testified that as of May 8, 2016, she and appellant had been dating since 2014 and that they had begun living together since February of 2016.  On the afternoon of May 8, 2016, K.W. and appellant began engaging in consensual sexual intercourse.  Shortly thereafter, appellant accused K.W. of having sex with someone else, which K.W. denied.  K.W. testified that in

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2706(a)(1), respectively.

response, appellant began striking her with "karate chops" in her ribs. K.W. also testified that appellant began beating her with a cane, and that appellant pushed the cane in and out of K.W.'s vagina. K.W. further testified that appellant then beat her with a second cane on her legs, hips, backside, ankles, shoulders, and hands. K.W. did not seek medical attention until May 13, 2016.

The Commonwealth charged appellant with aggravated assault, simple assault, sexual assault, indecent assault, terroristic threats, unlawful restraint, and involuntary deviate sexual intercourse.[2] A jury convicted appellant of simple assault and terroristic threats while acquitting appellant of all other charges. On April 10, 2017, the trial court sentenced appellant to an aggregate sentence of 18-36 months' incarceration followed by two years' probation. Appellant did not file any post-sentence motions.

On May 8, 2017, appellant filed a notice of appeal to this court. On May 15, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on June 1, 2017. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on August 17, 2018.

Appellant raises the following issue for our review:

> Whether the [trial] court erred in denying defense counsel's motion for a mistrial which was raised at trial when the alleged victim alluded to the jury that [appellant] admitted his guilt in a letter he wrote to

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 3124.1, 3126(a)(1), 2706(a)(1), 2902(a)(1), and 3123(a)(1), respectively.

> her from prison, when in fact, there was no such mention of culpability in the correspondence[?]

Appellant's brief at 7 (full capitalization omitted).

Appellant's sole issue on appeal is based on a portion of K.W.'s testimony during trial. Therein, K.W. was summarizing letters written to her by appellant. During her testimony, K.W. summarized a letter dated July 28, 2016 as follows:

> Again, how much he love [sic] me and miss [sic] me. And he mentions about me picking up -- because he has some of my things in prison with him. This is about me picking up his credit card to get the money off so I can have the money and send him some money. Yeah, this is what this one is and about him pleading guilty and all that.

Notes of testimony, 3/1/17 at 66. Appellant immediately objected and moved for a mistrial. (***Id.*** at 67.) The trial court denied appellant's motion for a mistrial and instead provided the jury with the following curative instruction:

> Ladies and gentlemen of the jury, you heard the reference make reference to a guilty plea while purportedly testifying about the contents of certain letters. The letters being offered into evidence do not, in fact, contain any reference to a guilty plea or a potential guilty plea or [appellant's] willingness to enter a guilty plea. Accordingly, any testimony about a guilty plea is hereby stricken from the record and you are instructed that you may not consider any such evidence in deciding this case. Further, you are not permitted to adopt any adverse inference against [appellant] regarding his alleged incarceration.

***Id.*** at 78.

J. S11045/19

Appellate review of a denial of a motion for a mistrial is governed by the following standard:

> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

*Commonwealth v. Johnson*, 107 A.3d 52, 77 (Pa. 2014), *cert. denied sub nom. Johnson v. Pennsylvania*, 136 S.Ct. 43 (2015), quoting *Commonwealth v. Rega*, 933 A.2d 997, 1016 (Pa. 2007), *cert. denied sub nom. Rega v. Pennsylvania*, 552 U.S. 1316 (2008) (citation omitted). When the trial court provides cautionary instructions to the jury in the event the defense raises a motion for mistrial, "[t]he law presumes that the jury will follow the instructions of the court." *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001), *cert. denied sub nom. Brown v. Pennsylvania*, 537 U.S. 1187 (2003) (citation omitted).

Here, appellant failed to demonstrate that the trial court's curative instruction was not adequate to overcome any potential prejudice. Rather, appellant baldly contends that K.W.'s "statement that [a]ppellant was pleading guilty in the letters he wrote[] left the jury with virtually no option but to convict." (Appellant's brief at 14.) The jury's verdict belies the claim.

- 4 -

J. S11045/19

Indeed, of the seven charges appellant faced at trial, the jury only convicted him of two and acquitted him of five. Accordingly, we find that the trial court did not abuse its discretion when it denied appellant's request for a mistrial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/19